IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RICHARD P. MINCH,**

    Plaintiff,

v.                                                                                 Civil Action No. **3:14CV858**

**KAREN BROWN,**

    Defendant.

## MEMORANDUM OPINION

Richard P. Minch, a Virginia prisoner proceeding *pro se*, submitted this civil action pursuant to 42 U.S.C. § 1983.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992)

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

42 U.S.C. § 1983.

(quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In a rambling and repetitive Complaint, Minch alleges that the Virginia Parole Board ("VPB") has violated his rights by using a methodology wherein they refuse to release him on discretionary geriatric parole.[2] Minch is 84 years old and has been incarcerated for over ten years. (Compl. 10.) Minch alleges that "[h]e has been denied parole numerous times due to 'the serious nature and circumstances of the offense' or words to that effect." (*Id.*) Minch contends that the VPB has violated his right to due process[3] in its general methodology for denying geriatric inmates parole. Minch argues that the VPB "has adopted and implemented opaque policies, practices and procedures for making parole determinations . . . resulting in a drastic reduction in the availability of parole for . . . geriatric persons." (*Id.* at 5.) Specifically, Minch

---

[2] By Memorandum Order entered January 28, 2015, the Court denied Minch's request to certify the action as a class. (ECF No. 4.) The Complaint proceeds with Minch as the sole plaintiff.

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

3

argues that the VPB "deprive[s] him of due process of law by not affording [him] the opportunity for a hearing to challenge the accuracy of facts determining [his] suitability for geriatric conditional release" (*id.* at 6), "does not provide, on a routine basis, written narrative statements of reasons [f]or not granting parole" (*id.* at 7), and fail to provide inmates with an "up-to-date institutional manual describing or establishing current parole criteria and guidelines procedure." (*Id.* at 23). Finally, Minch "object[s] that the statute is unconstitutionally vague in violation of the ... Due Process Clause because it authorizes the [VPB] to promulgate regulations without prescribing definite standards ...."[4] (*Id.* at 28.)

Minch seeks injunctive and declaratory relief. (*Id.* at 9, 31–32.) For the reasons set forth below, the Complaint (ECF No. 1) will be DISMISSED AS FRIVOLOUS.

### III. DUE PROCESS CLAUSE

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). Where government action impacts a protected liberty interest, the second step is to determine "what process is due" under the circumstances. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (observing that "due process is flexible .... not all situations calling for procedural safeguards call for the same kind of procedure").

---

[4] By use of the word "statute," the Court assumes Minch refers to section 53.1–40.01 of the Virginia Code. (*See* Compl. 27.)

A.  **Geriatric Parole Release Statute**

Prior to 1994, Virginia law provided for discretionary parole of incarcerated offenders, however, in 1994, the General Assembly subsequently abolished parole for all persons incarcerated for felonies committed on or after January 1, 1995. *Burnette v. Fahey*, 687 F.3d 171, 175 (4th Cir. 2012) (citing Va. Code Ann. § 53.1–165.1). Virginia also has a system of conditional release for geriatric inmates under a discretionary parole process which it instituted in 1995. *See id.* (citing Va. Code Ann. § 53.1–40.01); *see* Virginia Department of Corrections, Operating Procedure § 820.1.IV.A.[5] Any inmate who is sixty-five or older and has served at least five years of his sentence or who is sixty or older and has served at least ten years of his sentence "may petition the Parole Board for conditional release." Va. Code Ann. § 53.1–40.01. The Virginia Code provides that the VPB "shall promulgate regulations to implement" the geriatric release program. *Id.* The VPB has established an administrative procedure to assess inmate requests for geriatric release. *Fulton v. Muse*, No. 1:11cv1214(JCC/JFA), 2012 WL 3522639, at *3 (E.D. Va. Aug. 14, 2012) (citation omitted). VPB's "written policy permits it to release an inmate under the geriatric release program only upon a finding of 'compelling reasons.'" *Burnette*, 687 F.3d at 175.

Minch alleges that "[h]e has been denied parole numerous times due to 'the serious nature and circumstances of the offense' or words to that effect." (Compl. 10.) Minch fails to allege whether he has been denied parole repeatedly under the discretionary parole system or under the geriatric release system. From Minch's scant allegations pertaining to his own parole

---

[5] The Operating Procedure is available at https://vadoc.virginia.gov/about/procedures/documents/800/820-1.pdf (last visited Sept. 30, 2015)

5

process, it appears that he has received a written notification informing him that he was denied release.

### B. No Protected Liberty Interest in Parole

A liberty interest may arise from the Constitution itself, or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220–21 (2005). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "With no constitutional right to parole *per se*, federal courts recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996) (quoting *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991)).

"'[T]he pertinent [Virginia] statutes, far from creating a presumption that release will be granted [if he meets certain criteria], absolutely prohibits parole unless the Parole Board decides otherwise.'" *Burnette v. Fahey*, No. 3:10CV70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010) (second alteration in original) (quoting *James v. Robinson*, 863 F. Supp. 275, 277 (E.D. Va.), *aff'd*, No. 94-7136, 1994 WL 709646 (4th Cir. Dec. 22, 1994)). The United States Court of Appeals for the Fourth Circuit consistently has found the pertinent Virginia statutes governing release on discretionary parole fail to create a protected liberty interest in *release* on parole. *See Burnette*, 687 F.3d at 181 (citing *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991); *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996)). Minch explains that he "make[s] no claim that [he is] entitled to immediate release" or that he "ha[s] a right to parole so that [he] would be released prior to the full service of [his] sentence." (Compl. 3.) Instead, Minch seeks more process.

### C. Plaintiff Has a Limited Interest in Consideration for Parole

Virginia has created a limited liberty interest in consideration for parole. *Burnette*, 2010 WL 4279403, at *8; *Burnette*, 687 F.3d at 181. "'The question thus becomes what procedures are required under the Due Process Clause in [considering] an inmate for discretionary release on parole.'" *Burnette*, 2010 WL 4279403, at *8 (alteration in original) (quoting *Neal v. Fahey*, No. 3:07cv374, 2008 WL 728892, at *2 (E.D. Va. Mar. 18, 2008)).

### D. Minch Alleges He Has Been Afforded Sufficient Process

The Fourth Circuit has stated that the Constitution requires only a very limited amount of process in considering an inmate for parole. Specifically, "[a]t most, . . . parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." *Burnette*, 687 F.3d at 181 (alteration and omission in original) (citation omitted) (internal quotation marks omitted); *see Fulton*, 2012 WL 3522639, at *3 (explaining that geriatric parole requires no more process than discretionary parole). "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." *Burnette*, 2010 WL 4279403, at *8 (citation omitted); *see Fulton*, 2012 WL 3522639, at *3.

According to Minch, the VPB provided him with a statement of its reasons for denying him parole. (Compl. 10.) Specifically, the VPB has declined to release Minch on parole "due to 'the serious nature and circumstances of the offense' or words to that effect." (*Id.*)[6] The Fourth Circuit "repeatedly has concluded that '[the] serious[] nature and circumstances' of [a] prisoner's offense is a constitutionally valid reason for denying parole." *Burnette*, 2010 WL 4279403, at *8

---

[6] Minch was convicted of carnal knowledge of a minor and production, publication, sale or financing of child pornography in the Circuit Court for the City of Norfolk in 2004. *See* http://www.courts.state.va.us (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select "Norfolk Circuit Court" from drop-down menu; type "Minch, Richard," and then follow "Search by Name" button; then follow hyperlinks for "CR03003597–00" and "CR03003597–02" (last visited Sept. 30, 2015).

7

(citations omitted); *Fulton*, 2012 WL 3522639, at *1, *3 (holding that, like a discretionary parole denial, the serious nature of plaintiff's offense was a constitutionally valid reason for denying geriatric release). Thus, the face of the Complaint alleged facts sufficient to demonstrate that Minch has received all of the process the Constitution requires.[7]

Because Minch lacks a "constitutional right to conditional release or to the procedure by which such a decision is made, and since due process [is] satisfied when [Minch] received written notice of the VPB's decision in his case" his claims will be DISMISSED. *Fulton*, 2012 WL 3522639, at *4.

## IV. CONCLUSION

Minch's claims will be DISMISSED AS FRIVOLOUS. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate order shall issue.

Date: 10-5-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[7] The Constitution simply does not require the amount of process Minch desires. Instead, "inmates are entitled to no more than minimal procedure" comprised of a statement from the VPB explaining its reasons for denial of parole. *Burnette*, 2010 WL 4279403, at *8 (internal quotation marks omitted) (citations omitted). The Fourth Circuit has explained "that there 'is no constitutional requirement that each prisoner received a personal hearing, have access to his files, or be entitled to call witnesses [or put on other evidence] in his behalf to appear before the Board. These are all matters which are better left to the discretion of the parole authorities. *Id.* at *8 n.7 (quoting *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1997)). Finally, to the extent Minch argues that the VPB failed to follow its own procedures, it is well-established that "there is no protected liberty interest in the *procedures themselves* . . . ." *Hill v. Jackson*, 64 F.3d 163, 170 (4th Cir. 1995) (internal quotation marks omitted) (citation omitted).